IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
ERIE DIVISION

| | |
|---|---|
| LARRY ALLEN SLEDGE,<br><br>    Plaintiff,<br><br>vs.<br><br>COUNSELOR HEATHER MARTIN,<br>CORRECTIONAL OFFICER RYAN<br>TARASOVICH, LT. BEGANICS,<br><br>    Defendants, | 1:21-CV-00348-RAL<br><br>RICHARD A. LANZILLO<br>UNITED STATES MAGISTRATE JUDGE<br><br>ORDER DENYING MOTION TO DISMISS<br>(ECF NO. 22) AS MOOT |

Plaintiff Larry Allen Sledge ("Sledge"), representing himself, filed this civil rights action alleging that the Defendants violated his rights under the Fifth and Eighth Amendments to the Constitution. *See* ECF No. 8. Originally named as Defendants were several employees of the Erie County Prison: Shawn Bolt, Heather Martin, Ryan Tarasovich, as well as numerous "unknown correctional officers." *See id.*, ¶¶ 4-7. The Defendants filed a motion to dismiss. ECF No. 22. In response, Sledge filed the following documents: a response in opposition to the motion to dismiss (ECF No. 28); an Amended Complaint (ECF No. 29); a brief in support of the response in opposition (ECF No. 30); and a "supplement" to his response in opposition (ECF No. 31).

Sledge's multiple filings have muddied the procedural waters. Owing to his pro se status, the Court offers the following clarification. Upon the filing of a motion to dismiss, a plaintiff typically has two choices: file a response in opposition or file an amended complaint in an attempt to cure any defects or deficiencies the Defendants called into question in their motion.

1

*See, e.g., Williams v. Nyberg*, 2021 WL 7501828, p. 1, n.1 (W.D. Pa. Oct. 19, 2021). A plaintiff should not do what Sledge has done here and file both. This creates confusion as to whether a plaintiff wishes to oppose the motion to dismiss (and stand by his previously filed complaint) or desires to proceed under the Amended Complaint.

Here, the Court will resolve the uncertainty in favor of Sledge's Amended Complaint. Federal Rule of Civil Procedure permits the filing of an Amended Complaint in response to a motion to dismiss without leave of Court. *See* Fed. R. Civ. P. 15(a)(1)(B) ("A party may amend its pleading once as a matter of course within ... (B) 21 days after the service of a motion under Rule 12(b) ...").[1] In general, an amended complaint supersedes the original complaint, rendering the previously-filed pleading a nullity; the amended complaint becomes the operative pleading. *See Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d Cir. 2019). Thus, Sledge's Amended Complaint (ECF No. 29) is now the operative pleading in this case. The Court notes that Sledge has eliminated Defendant Bolt and the unknown officer defendants and has named a new defendant (Defendant Lt. Beganics) in the Amended Complaint. *See* ECF No. 29, ¶ 4. Sledge contends that Beganics sprayed him with OC spray on January 4, 2020, "during a verbal dispute without any verbal warning from the Defendant (Beganics)." *Id.* Thus, **Sledge is hereby ordered to provide the Court with a completed United States Marshal's USM 285 form for Defendant Beganics so that the Complaint may be served on him. The appropriate forms are provided together with this order and should be returned to the Clerk of Court within fourteen (14) days.**

---

[1] This Rule embodies the federal court's policy of liberal pleading amendment by ensuring that an inadvertent error in, or omission from, an original pleading will not preclude a party from security relief on the merits of this claim. *See Arthur v. Maersk, Inc.*, 434 F.3d 196, 202 (3d Cir. 2006).

2

Given that the Defendants' motion to dismiss challenged the previous (and now inoperative) complaint, that motion is denied as moot. In light of that denial, the Defendants have several options. After reviewing the Amended Complaint, they may file a new motion to dismiss within thirty days of the date of this order or an Answer to the Amended Complaint within fourteen days. In the alternative, the Defendants may notify the Court of their intention to stand on their previous motion in its entirety. The Court would then reactivate the motion (ECF No. 22) and accompanying documents (ECF No. 23). Also, they may stand on their prior motion and file a supplementary memorandum addressing any new allegations brought in the Amended Complaint. Sledge would then be afforded thirty days to file a response. Further amendment of pleadings would not be permitted without leave of court. *See* Fed. R. Civ. P. 15(a)(3).

DATED this 19th day of May, 2022.

BY THE COURT:

_____
RICHARD A. LANZILLO
UNITED STATES MAGISTRATE JUDGE

**U.S. Department of Justice**
United States Marshals Service

**PROCESS RECEIPT AND RETURN**
*See "Instructions for Service of Process by U.S. Marshal"*

| PLAINTIFF | COURT CASE NUMBER |
|---|---|
|  |  |

| DEFENDANT | TYPE OF PROCESS |
|---|---|
|  |  |

**SERVE AT** {
NAME OF INDIVIDUAL, COMPANY, CORPORATION, ETC. TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN

ADDRESS *(Street or RFD, Apartment No., City, State and ZIP Code)*

| SEND NOTICE OF SERVICE COPY TO REQUESTER AT NAME AND ADDRESS BELOW | Number of process to be served with this Form 285 |
|---|---|
|  | Number of parties to be served in this case |
|  | Check for service on U.S.A. |

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE *(Include Business and Alternate Addresses, All Telephone Numbers, and Estimated Times Available for Service):*

| Signature of Attorney other Originator requesting service on behalf of: ☐ PLAINTIFF ☐ DEFENDANT | TELEPHONE NUMBER | DATE |
|---|---|---|

**SPACE BELOW FOR USE OF U.S. MARSHAL ONLY - DO NOT WRITE BELOW THIS LINE**

| I acknowledge receipt for the total number of process indicated. *(Sign only for USM 285 if more than one USM 285 is submitted)* | Total Process | District of Origin No. | District to Serve No. | Signature of Authorized USMS Deputy or Clerk | Date |
|---|---|---|---|---|---|

I hereby certify and return that I ☐ have personally served, ☐ have legal evidence of service, ☐ have executed as shown in "Remarks", the process described on the individual, company, corporation, etc., at the address shown above on the on the individual, company, corporation, etc. shown at the address inserted below.

☐ I hereby certify and return that I am unable to locate the individual, company, corporation, etc. named above *(See remarks below)*

| Name and title of individual served *(if not shown above)* | Date | Time | ☐ am ☐ pm |
|---|---|---|---|

| Address *(complete only different than shown above)* | Signature of U.S. Marshal or Deputy |
|---|---|

*Costs shown on attached USMS Cost Sheet >>*

REMARKS

Form USM-285
Rev. 03/21

AO 398 (Rev. 01/09) Notice of a Lawsuit and Request to Waive Service of a Summons

# UNITED STATES DISTRICT COURT
for the
Western District of Pennsylvania

| | ) | |
|---|---|---|
| _____ *Plaintiff* | ) | |
| v. | ) | Civil Action No. |
| _____ *Defendant* | ) | |

**NOTICE OF A LAWSUIT AND REQUEST TO WAIVE SERVICE OF A SUMMONS**

To: _____
*(Name of the defendant or - if the defendant is a corporation, partnership, or association - an officer or agent authorized to receive service)*

**Why are you getting this?**

A lawsuit has been filed against you, or the entity you represent, in this court under the number shown above. A copy of the complaint is attached.

This is not a summons, or an official notice from the court. It is a request that, to avoid expenses, you waive formal service of a summons by signing and returning the enclosed waiver. To avoid these expenses, you must return the signed waiver within _____ days *(give at least 30 days, or at least 60 days if the defendant is outside any judicial district of the United States)* from the date shown below, which is the date this notice was sent. Two copies of the waiver form are enclosed, along with a stamped, self-addressed envelope or other prepaid means for returning one copy. You may keep the other copy.

**What happens next?**

If you return the signed waiver, I will file it with the court. The action will then proceed as if you had been served on the date the waiver is filed, but no summons will be served on you and you will have 60 days from the date this notice is sent (see the date below) to answer the complaint (or 90 days if this notice is sent to you outside any judicial district of the United States).

If you do not return the signed waiver within the time indicated, I will arrange to have the summons and complaint served on you. And I will ask the court to require you, or the entity you represent, to pay the expenses of making service.

Please read the enclosed statement about the duty to avoid unnecessary expenses.

I certify that this request is being sent to you on the date below.

Date: _____

_____
*Signature of the attorney or unrepresented party*

_____
*Printed name*

_____
*Address*

_____
*E-mail address*

_____
*Telephone number*

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT
for the
Western District of Pennsylvania

| _____  *Plaintiff* <br> v. <br> _____ *Defendant* | ) ) ) ) ) ) | Civil Action No. |

## WAIVER OF THE SERVICE OF SUMMONS

To: _____
       *(Name of the plaintiff's attorney or unrepresented plaintiff)*

    I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

    I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

    I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

    I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from _____, the date when this request was sent (or 90 days if it was sent outside the United States).  If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: _____

_____
*Printed name of party waiving service of summons*

_____
*Signature of the attorney or unrepresented party*

_____
*Printed name*

_____
*Address*

_____
*E-mail address*

_____
*Telephone number*

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

    Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

    "Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

    If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

    If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.